IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NOE CARDOSO-ORTIZ, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,**<br><br>Plaintiff,<br><br>v.<br><br>**FIRE BAR INCORPORATED, an Illinois corporation, d/b/a FIRE BAR AND GRILL, NINO HERMES, an individual, and ASHOUR HERMIZ, an individual,**<br><br>Defendants. | Case No. 16-cv-04824 |

## COMPLAINT

The Plaintiff, Noe Cardoso-Ortiz ("Cardoso-Ortiz" or "Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, complains against Defendants, Fire Bar Incorporated d/b/a Fire Bar and Grill ("Fire Bar and Grill"), Nino Hermes ("Hermes"), and Ashour Hermiz ("Hermiz"), as follows:

### Nature of the Suit

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") for Defendants' failure to pay Plaintiff, and other similarly situated employees, their overtime pay. Plaintiff, and other kitchen employees, worked more than 40 hours in individual workweeks and were not paid overtime compensation by Defendants. This case is brought as a collective action

under 29 U.S.C. § 216(b). Plaintiff's consent forms to act as a representative party is attached as Exhibit A.

## Jurisdiction and Venue

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## The Parties

4. Plaintiff Noe Cardoso-Ortiz was employed by Defendants during the last three years before the filing of this suit until approximately July 2015. Defendants employed Plaintiff as a cook.

5. During the course of his employment, Plaintiff Noe Cardoso-Ortiz regularly handled goods, including perishable food and food products, which had moved in interstate commerce.

6. Plaintiff Noe Cardoso-Ortiz resides in and is domiciled within this judicial district.

7. Fire Bar and Grill is operated by Fire Bar Incorporated, an Illinois corporation, and is doing business as a bar and restaurant within this judicial district. The corporate officers and registered agent for Defendant Fire Bar and Grill are all located within this judicial district.

8. Upon information and belief, Defendant Hermes is an owner of Defendant Fire Bar and Grill. Hermes is also the president and registered agent for Fire Bar Incorporated.

9. As president of the corporation, Defendant Hermes hired and fired employees,

supervised and controlled work schedules and other conditions of employment, determined the rate and method of wage payment, and maintained employment records.

10. Upon information and belief, Defendant Hermes resides in and is domiciled within this judicial district.

11. Upon information and belief, Defendant Hermiz is an owner of Defendant Fire Bar. Hermiz is also the corporate secretary for Fire Bar Incorporated.

12. Defendant Hermiz hired and fired employees, supervised and controlled work schedules and other conditions of employment, determined the rate and method of wage payment, and maintained employment records. In furtherance of these duties, Hermiz hired Plaintiff, set pay rates, set schedules, and directly supervised kitchen employees.

13. Upon information and belief, Defendant Hermiz resides in and is domiciled within this judicial district.

**Common Allegations**

14. Plaintiff, and other similarly situated cooks, dishwashers, and back of house employees, were directed to work, and did work, more than 40 hours in individual workweeks.

15. During the last three years before the filing of this suit, Plaintiff Noe Cardoso-Ortiz regularly worked between approximately 50 and 72 hours in individual workweeks.

16. Defendants paid Plaintiff on an hourly basis.

17. During the last three years before the filing of this suit, Plaintiff Noe Cardoso-Ortiz's regular hourly rate of pay was $10.00.

18. Defendants did not compensate Plaintiff, and other similarly situated cooks, dishwashers, and back of house employees, at one and one-half times their regular hourly rates of pay for hours worked in excess of 40 in individual workweeks.

3

19. Defendants did not pay Plaintiff, and other similarly situated cooks, dishwashers, and back of house employees, an overtime premium when they worked more than 40 hours in a workweek.

20. Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4, 820 ILCS § 105/9.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

21. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

22. During the last three years before the filing of this suit, Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1).

23. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

24. During the course of Plaintiff's employment, Defendants employed other cooks, dishwashers, and back of house employees who were similarly not exempt from the overtime wage provisions of the FLSA.

25. During the last three years before the filing of this suit, Defendants were each an "employer" of Plaintiff as defined in the FLSA, 29 U.S.C. § 203(d).

26. Defendant Fire Bar and Grill was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

27. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other non-exempt cooks, dishwashers, and other back of house employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

28. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

29. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants' paychecks reflected that Plaintiff, and other similarly situated cooks, dishwashers, and back of house employees, worked more than 40 hours in individual workweeks. However, Defendants failed and refused to pay Plaintiff, and other similarly situated cooks, dishwashers, and back of house employees, their overtime wages under the Act. Defendants further violated the Act's notice and posting requirements.

**WHEREFORE**, the Plaintiff, Noe Cardoso-Ortiz, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Fire Bar Incorporated d/b/a Fire Bar and Grill, Nino Hermes, and Ashour Hermiz, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rates of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

30. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

31. During the last three years before the filing of this suit, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

32. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

33. During the course of Plaintiff's employment, Defendants employed other cooks, dishwashers, and back of house employees who were similarly not exempt from the overtime wage provisions of the IMWL.

34. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

35. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other non-exempt cooks, dishwashers, and back of house employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

36. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Noe Cardoso-Ortiz, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Fire Bar Incorporated d/b/a Fire Bar and Grill, Nino Hermes, and Ashour Hermiz, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rates of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: April 29, 2016            Respectfully submitted,
Noe Cardoso-Ortiz, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, Plaintiff

/s/ Nicholas P. Cholis
_____
One of the Plaintiff's Attorneys

Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
Attorneys for Plaintiff
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net